IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| | : |
| PAMELA N. MCGILL | : |
| | : |
| DEBTOR | : BANKRUPTCY NO. 07-13086 SR |

# OPINION

BY: STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction.*

The Debtor has filed an Objection to the Proof of Claim of Wells Fargo Pennsylvania, Inc. A hearing on the matter was held May 13, 2009 after which the Court took the matter under advisement. For the reasons set forth below, the Objection is sustained.[1]

*Factual Background*

The Debtor obtained a prepetition car loan from Wells Fargo Pennsylvania, Inc. (Wells). *See* Retail Installment Contract attached to Proof of Claim. In her Chapter 13 case, she scheduled that debt in the amount of $6,000 and as partially secured.[2] For its part, Wells filed a Proof of Claim asserting a *fully* secured claim of $6346.[3] *See* Proof

---

[1] As this matter concerns a challenge to a claim against the estate, it is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

[2] Secured to $4720; unsecured to $1280. *See* Schedule D.

[3] The claim explains that it may not be crammed down. Implicitly, Wells is relying on the new provision of the Bankruptcy Code which protects from modification secured car loans made within 2½ years before the bankruptcy filing. *See* 11 U.S.C. § 1325, hanging paragraph after subsection (a)(9).

of Claim #14-1.  In her original plan, the Debtor proposed to pay the Wells claim in full and directly, i.e., "outside" the plan; unsecured creditors would also be paid in full but *through* the plan.  *See* Chapter 13 Plan, ¶ 4b.  Sometime before her creditors' meeting, the Debtor was in a car accident and the vehicle was rendered a total loss for insurance purposes.  Transcript of hearing (T-) 2,5.  After that, the Debtor amended her plan to change how Wells' claim would be treated: she now proposed to surrender the vehicle to Wells and not make any payments under the car loan. *See* Amended Plan, ¶ 2b  Wells did not object to such treatment and the amended plan was confirmed.  *See* Order of Confirmation, 11/15/07

One month after confirmation, Wells filed a motion for relief from stay which alleged four things: that the Debtor informed Wells of the car accident[4]; that the car was now a "total loss" as a result; that the car was not insured; and that Wells could not locate the vehicle.  *See* Motion for Relief from Stay, ¶ 4.  The motion was granted via a consent order.  *See* Consent Order, 1/28/07.  The consent order provided nothing else in the way of a remedy to Wells, such as a right to claim any deficiency.  *Id.*  Wells has since amended its claim changing its status from completely *secured* to completely *unsecured* and in the same amount  $6346.[5] *See* Proof of Claim, 14-2.

Debtor filed an Objection to the amended claim.  She alleged therein that the

---

[4]The meaning of this is unclear: Wells may be implying that it just learned of the car accident.  But because it did not appear at the hearing, the Court cannot tell.

[5]The reason for this appears obvious: the amended plan proposes to pay unsecured creditors in full.

2

claim was not supported by documentation and that it was unclear as to its status (secured versus unsecured). Objection, ¶¶ 1-2. At the hearing, Debtor modified her argument somewhat: she maintained that in surrendering the vehicle to Wells as per her amended plan, she has satisfied her obligation to Wells. T-4. The Chapter 13 Trustee explains that allowance of Wells' amended claim would render the plan infeasible. *Id*. Wells, for its part, did not respond to the Objection or appear at the hearing.

*The Burden of Proof*

The filing of a proof of claim constitutes *prima facie* evidence of the validity of the claim. 11 U.S.C. § 502(a). However, once an objecting party submits sufficient evidence to place the claimants entitlement at issue, the burden of going forward with evidence to sustain the claim shifts to the claimant or its assignee. The burden of persuasion is always on the claimant to establish its entitlement to its claim. *See In re Allegheny Intern., Inc.,* 954 F.2d 167, 173-74 (3d Cir.1992). The evidence which the Debtor offers in this instance is the Amended Plan's proposed treatment of the Wells secured debt and the Order of Confirmation. That is sufficient to challenge the validity of Wells' claim.

*Wells' Claim and*
*Proposed Treatment*

The Court's analysis begins with the Wells claim. Because that claim is a secured obligation involving an automobile, two Bankruptcy Code sections (§§ 1322 and 1325) must be consulted first:

> (b) Subject to subsections (a) and (c) of this section, the plan

>    may--
>    (2) modify the rights of holders of secured claims, other than
>    a claim secured only by a security interest in real property
> that is the debtor's principal residence, or of holders of unsecured claims, or leave
> unaffected the rights of holders of any class of claims
> and
>
>    For purposes of paragraph (5),[6] section 506[7] shall not apply
>    to a claim described in that paragraph if the creditor has a
>    purchase money security interest securing the debt that is
>    the subject of the claim, the debt was incurred within the
>    910-day preceding the date of the filing of the petition, and
>    the collateral for that debt consists of a motor vehicle (as
>    defined in section 30102 of title 49) acquired for the personal
>    use of the debtor …

11 U.S.C. § 1322(b)(2), § 1325(a), hanging paragraph following subsection (a)(9).

Wells' claim does not secure a mortgage on the Debtor's principal residence; neither does it secure a car loan *made within 2½ years prior to the bankruptcy filing*.[8] This means that the Debtor might have chosen to modify that claim; however, she chose to surrender the car as was her right.  *See* 11 U.S.C. § 1325(a)(5)(C)(allowing the debtor to surrender the collateral to the holder of the secured claim) More importantly, she expressly proposed to pay Wells nothing on its claim.  Wells did not object and the amended plan was confirmed in due course.  What effect does all of this have on Wells' right to payment under the Amended Plan?

---

[6] Paragraph (5) sets forth the three treatment options available as to secured claims (acceptance, payment of present value of the secured claim, and surrender of collateral)

[7] Section 506 allows a party to determine the validity, extent or priority of a claim's secured status.  11 U.S.C. § 506(a)(1).

[8] The loan is dated 9/11/2004 while the case commenced on 5/29/2007: the loan was thus made 9*79* days prior to the filing of the bankruptcy and so is *not* protected from modification.  In other words, this is *not* a "910 car loan."

*Effect of Confirmation*
*and Finality*

Section 1327 of the Bankruptcy Code provides that:

> [t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

11 U.S.C.A. § 1327(a). The Third Circuit has recognized that § 1327 reflects a "policy of finality which provides that, absent fraud, confirmation of debtor's plan binds both the debtor and the creditors." *See In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989) "Under § 1327, a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation." *Id.* A leading bankruptcy treatise explains that creditors are restricted to the rights afforded by the plan and that the binding effect of a confirmed plan extends to all issues determined by the confirmation order. 8 *Collier on Bankruptcy*, § 1327.02[1][b], [c] (Matthew Bender 15th ed. Revised 2009); *see also In re Penn Central Transportation Company,* 771 F.2d 762, 767 (3d Cir.1985) ("[C]reditors would not participate in the reorganization if they could not feel that the plan was final").

For the Court to allow the amended claim would undermine the finality accorded the order of confirmation. Both the Debtor and her creditors are entitled to rely on that order. For the Debtor, the order signals the beginning of her fresh start. For the creditors (including Wells), it settles their claims once and for all. And considering that full payment is provided to the unsecured class, there is a constituency for whom this confirmed plan is, indeed, meaningful. So allowing Wells an amended claim under these

5

circumstances cannot be reconciled with the policy of finality as to confirmed plans.

*Creditor's Duty
to Participate*

And there is more than just closure which matters in this context. The Third Circuit in *Szostek* emphasized the *creditors' responsibility* to act to protect their interests in the confirmation process. *See* 886 F.2d at 1414  The Court of Appeals would also cite outside authority holding that creditors are obligated to take an affirmative role in protecting their claims. *Id. citing In re Ruti-Sweetwater, Inc.,* 836 F.2d 1263, 1267 (10th Cir.1988). Moreover, it explained that unless creditors bore the consequences of not actively protecting their claim, the deadlines set forth in Rules 3017 and 3020(b) would be meaningless. *Id.; see also* 8 *Collier on Bankruptcy* § 1327.02[1][a] ("It is therefore incumbent upon creditors with notice of the chapter 13 case to review the plan and object to the plan if they believe it to be improper; they may ignore the confirmation hearing only at their peril.")  The creditor must exercise vigilance in order to protect its interest throughout the confirmation process.

In this case, a creditor whose claim was adversely affected by a plan provision simply failed to act. The amended plan proposed to make no payments whatsoever to Wells and, instead, proposed to surrender collateral (an automobile) of diminished value. There is no evidence in the record demonstrating whether Wells tried to ascertain the status of its collateral before confirmation. More to the point, however, Wells neither objected to the proposed new treatment, nor did it appear in the case until after confirmation. By that time Wells was bound by the terms of the confirmed plan:

neither the plan nor the order granting relief from stay for that matter allowed Wells the right to file a deficiency claim.  When Wells filed such a claim notwithstanding, the Debtor objected and, once again, Wells has not even appeared to assert its arguments.  There is thus no legal or even equitable basis upon which to conclude that Wells' claim should be allowed to any extent.

*Summary*

   The Debtor's Objection to the Wells Amended Claim will be sustained.  The claim shall be disallowed in its entirety.  An appropriate Order follows.

                  By the Court:

                  _____
                  Stephen Raslavich
                  Chief, United States Bankruptcy Judge

Dated: <u>June 11, 2009</u>